**Maria Guadalupe OCHOA CASTILLON,**
Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70594.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

Susan E. Hill, Esq., Hill Piibe & Villegas, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Maria Guadalupe Ochoa Castillon petitions for review of the Board of Immigration Appeals' order summarily affirming the Immigration Judge's ("IJ") decision denying her application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Ochoa Castillon failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Ochoa Castillon's contention that the hardship standard set forth in 8 U.S.C. § 1229b(b)(1)(D) is unconstitutionally vague does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir.2003) (upholding agency's interpretation of the hardship standard as falling within the broad range authorized by the statute).

**PETITION FOR REVIEW DISMISSED.**